Viktor BERLYAVSKY,
Plaintiff-Appellant,

v.

NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Ms. Emily Lloyd, Hon. Tynia Richard, Hon. Maryann Schick, Hon. Alessan-

dra Zorgniotti, Mr. Carter Strickland, Mr. James Roberts, Ms. Carla Lowenheim, Mr. Jorge Villacis, Ms. Angela Delillo, Ms. Virginia Gziki, Ms. Vilhelmina Guthrie, Ms. Shay Mcatamney, Ms. Persis Luke, Mr. Nicholas Minunni, Ms. Zoe Ann Campbell, Mr. Anderson, Mr. Johnni T. Vasser, Mr. Aaron Feinstein, Mr. Michael Farnan, Defendants-Appellees.[1]

16-1096-CV

United States Court of Appeals, Second Circuit.

December 20, 2016

Appearing for Appellant: Matthew H. Goldsmith, JurisGroup, PLLC, New York, NY.

Appearing for Appellee: Susan Paulson, Assistant Corporation Counsel (Scott Shorr, Assistant Corporation Counsel, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Present: ROSEMARY S. POOLER, PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges.

Viktor Berlyavsky appeals from the April 7, 2016 order of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) denying his motion for reconsideration of the district court's judgment of October 2, 2015 dismissing his second amended complaint

with prejudice. The district court also declined to adopt the magistrate judge's recommendation that he be allowed to file a third amended complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm. The district court correctly determined that Berlyavsky's proposed third amended complaint fails to adequately plead a continuing violation, making amendment futile. "[A]n allegation of an ongoing discriminatory policy does not extend the statute of limitations where the individual effects of the policy that give rise to the claim are merely discrete acts." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 157 (2d Cir. 2012). Here, the proposed complaint identifies only discrete acts, as opposed to the pattern of discrimination necessary to properly plead a continuing violation.

The district court also correctly concluded that the proposed third amended complaint did not adequately plead a claim for First Amendment retaliation. To determine if speech by a public employee enjoys constitutional protection, courts employ the inquiry set forth by the Supreme Court in *Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). "The first [step] requires determining whether the employee spoke as a citizen on a matter of public concern." *Id.* at 418, 126 S.Ct. 1951. "If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech. If the answer is yes, then the possibility of a First Amendment claim arises." *Id.* (citation omitted). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Con-

---

1. The Clerk of the Court is respectfully directed to amend the caption as above.

stitution does not insulate their communications from employer discipline." *Id.* at 421, 126 S.Ct. 1951. The rule applies even when the subject of an employee's speech is a matter of public concern. *See Jackler v. Byrne*, 658 F.3d 225, 237 (2d Cir. 2011). Here, the proposed third amended complaint alleges that Berlyavsky reported ongoing sampling violations to the Office of Environmental Health and Safety in August 12, 2006 and that he suffered adverse employment actions in 2006, 2009, and 2013. In so doing, Berlyavsky was speaking in his role as a public employee, and not as a public citizen: his job was to collect water samples, test the water quality's compliance with state and federal law and report the results.

We have considered the remainder of Berlyavsky's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.